## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREDERIC AUGUSTE,
    Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
    Agency.

DOCKET NUMBER
PH-1221-19-0235-W-1

DATE: February 28, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Frederic Auguste</u>, Windsor, Vermont, pro se.

<u>Joshua Carver</u>, Esquire, Augusta, Maine, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of Board

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The agency terminated the appellant from his position as a Supervisory Medical Supply Technician due to unacceptable conduct and performance in March 2019. Initial Appeal File, Tab 6 at 23-24. The appellant sought corrective action from the Office of Special Counsel (OSC), alleging that his termination was in reprisal for making disclosures to the agency's ethics committee. IAF, Tab 1 at 11. OSC subsequently informed him that it had closed its investigation into his allegations, and that he may have the right to seek corrective action from the Board. *Id.*

The appellant filed a Board appeal, alleging that he was terminated shortly after he made various disclosures to the agency's "Ethics point of contact," which were also shared with the "Equal Opportunity/Resolution Mgmt point of contact." *Id.* at 7. The administrative judge issued an order setting forth the appellant's burden to establish jurisdiction over his IRA appeal. IAF, Tab 10.

The appellant responded, alleging that he disclosed to the ethics department management's failure or refusal "to investigate or correct issues" as required by the agency's handbook at 5021/15 Appendix A. IAF, Tab 11 at 6. He further alleged that he reported to the ethics department that agency officials had engaged in gross mismanagement by giving another employee favorable treatment and by generally not requiring her to perform her duties. *Id.* at 7. The appellant originally requested a hearing, but subsequently withdrew his request. IAF, Tab 13 at 4.

The administrative judge issued an initial decision dismissing the IRA appeal for lack of Board jurisdiction. IAF, Tab 14, Initial Decision (ID) at 1. He found that the appellant had sufficiently exhausted his OSC remedies. ID at 5.

The administrative judge held that the VA handbook, which the appellant alleged he disclosed a violation of, did not require any obligation on agency management to take specified action or charge individuals with any stated offense, and thus, the appellant failed to nonfrivolously allege that his report of management's inaction violated the handbook. ID at 6-7. The administrative judge next found that the appellant's disclosures that a coworker was treated favorably, and management's failure to take formal disciplinary action against her, did not amount to a nonfrivolous allegation of a protected disclosure. *Id.* Finally, the administrative judge found that, to the extent the appellant alleged his communications with the ethics department included other protected disclosures, he failed to demonstrate that he reasonably believed these communications evidenced any of the protected categories set forth in 5 U.S.C. § 2302(b)(8). ID at 7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 2. The agency has responded, and the appellant has replied to its response. PFR File, Tabs 4, 5. The appellant attaches various documents to his petition, including a performance review and the OSC closeout letter.[2] PFR File, Tab 2 at 10-15.

The appellant has also requested to update his address "with the Board, but not the agency," claiming disclosure of his new address would "compromise both his safety and privacy." PFR File, Tab 6 at 4. The agency has not responded to this request. The appellant has provided no justification or support for his assertion regarding safety and privacy. Moreover, the appellant is an e-filer, and thus far the agency has elected to serve him electronically rather than at his

---

[2] Because the issue of Board jurisdiction may be raised at any time during a proceeding, we consider these new documents on review to the extent they implicate the Board's jurisdiction. *See Sonneborn v. Department of Defense*, 80 M.S.P.R. 215, ¶ 4 (1998) (finding that the Board will consider documents submitted for the first time on review, even if the submitting party does not establish that they were previously unavailable, if the documents implicate the Board's jurisdiction).

physical address . IAF, Tab 1 at 2; *see* 5 C.F.R. 1201.14(m)(2) (explaining that documents served electronically on registered e-filers are deemed received on the date of electronic submission).[3] Accordingly, we deny his request.

## DISCUSSION OF ARGUMENTS ON REVIEW

The first element of Board jurisdiction over an IRA appeal is exhaustion by the appellant of his administrative remedies before OSC. *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 4 (2014). In the instant case, the administrative judge found that the appellant exhausted his administrative remedies before OSC regarding the claim that the agency terminated him during his probationary period for making disclosures to the agency's ethics committee. ID at 5. The parties do not challenge this finding on review, and we discern no error in the administrative judge's finding.

Following the establishment of exhaustion before OSC, the Board has jurisdiction over an IRA appeal if the appellant nonfrivolously alleges the following: (1) he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action against him.[4] *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016).

---

[3] Although the appellant is responsible for keeping the agency informed of his home address, the Board's regulations recognize that he may use a post office box. 5 C.F.R. § 1201.22(b)(3).

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Id*. (citing 5 C.F.R. § 1201.4(s)).

<u>The administrative judge properly found that the appellant failed to nonfrivolously allege a protected disclosure under 5 U.S.C. § 2302(b)(8).</u>

Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of a law, rule, or regulation, gross mismanagement, a gross waste of funds, and abuse of authority, or a substantial and specific danger to public health and safety. 5 U.S.C. § 2302(b)(8); *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 10 (2013). The proper test for determining whether an appellant had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily available by the appellant could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Francis*, 120 M.S.P.R. 138, ¶ 10.

As previously noted, the appellant below alleged that he reported to the ethics department management's failure or refusal "to investigate or correct issues" as required by the VA Handbook 5021/15 Appendix A. IAF, Tab 11 at 6. The administrative judge found that the handbook cited was merely the agency's table of penalties for stated offenses, and that it did not require any obligation on agency management to take specified action or charge individuals with any stated offense. ID at 6. Accordingly, the administrative judge found that the appellant failed to nonfrivolously allege that his report of management's inaction violated the handbook or otherwise amounted to a violation of a law, rule, or regulation under 5 U.S.C. § 2302(b)(8). *Id*. The appellant does not challenge this finding on review, and we discern no basis for disturbing it. Specifically, we agree that the handbook did not require any obligation on agency management to take specified action, and that the appellant therefore failed to nonfrivolously allege that he had a reasonable belief that management's inaction was a violation of the handbook. *See Francis*, 120 M.S.P.R. 138, ¶ 11 (finding that an appellant failed to nonfrivolously allege that she reasonably believed that her disclosure

evidenced a violation of training rules when none of the laws, rules, or regulations cited prescribed a methodology for maintaining training records).

The appellant further alleged that he disclosed to the ethics department that agency officials had engaged in gross mismanagement by giving another employee favorable treatment and generally not requiring her to perform her duties. IAF, Tab 11 at 7. The administrative judge found that the appellant's disclosures that a coworker was treated favorably, and management's failure to take formal disciplinary action against her, failed to constitute a nonfrivolous allegation of gross mismanagement. ID at 6. The appellant does not provide a reason for disturbing this finding on review. As set forth by the administrative judge, "gross mismanagement" is a decision that creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission. *Fisher v. Environmental Protection Agency*, 108 M.S.P.R. 296, ¶ 9 (2008). Here, the appellant has not nonfrivolously alleged that his disclosure evidenced gross mismanagement. There is no indication that the alleged favoritism and lack of discipline of a coworker created a substantial risk of a significant impact on the agency's ability to accomplish its mission. Rather, as the administrative judge found, the conduct the appellant took issue with appears to be largely either basic rudeness or negligence and incompetence, and if proven, would not amount to gross mismanagement. ID at 6-7.

We remand this case because the parties were not provided proper jurisdictional notice regarding retaliation for engaging in protected activity under 5 U.S.C. § 2302(b)(9)(C).

Prior to December 12, 2017, the whistleblower protection statutory scheme provided that "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law," is protected. 5 U.S.C. § 2302(b)(9)(C). Section 1097(c)(1) of the National Defense Authorization Act of 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283 (2017), amended section 2302(b)(9)(C) to provide that, in addition

to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected.

The Board recently clarified in *Reese v. Department of the Navy*, 2025 MSPB 1, ¶ 48, that, in analyzing whether activity is protected under section 2302(b)(9)(C), the key question is whether an appellant's activity was directed to a covered investigatory entity. The Board found that agency components as described in section 2302(b)(9)(C) should have similar attributes and functions to those of the Offices of Inspector General, although such attributes may vary from agency to agency. *Id*., ¶ 50. In general, such components will have a degree of independence and objectivity, as well as the authority to investigate or review by taking testimony, collecting evidence, and making findings and recommendations. *Id*. Applying these principles, the Board found that the statutory language's reference to "any" component is broad enough to encompass not just permanent agency components, but also ad hoc internal investigations or reviews conducted pursuant to an established agency procedure. *Id*., ¶ 51.

Here, the appellant asserted that he made his disclosures to the "Ethics point of contact," which were also shared with the "Equal Opportunity/Resolution Mgmt point of contact." IAF, Tab 1 at 7. However, the administrative judge's jurisdictional order cited to the pre-NDAA provisions of 5 U.S.C. § 2302(b)(9) (C), which exclude the language regarding a disclosure to "any other component responsible for internal investigation or review." IAF, Tab 10 at 2 n.1. An administrative judge must provide the appellant with explicit information on what is required to establish an appealable jurisdictional issue. *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 8 (2010) (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)).

Under some circumstances, the Board might be able to adjudicate a whistleblower claim such as this without remand. Here, however, the record is not sufficiently developed to determine whether the entities to which the

appellant made his disclosures qualify as "any other component responsible for internal investigation or review" sufficient to render his disclosures "protected activity" under 5 U.S.C. § 2302(b)(9)(C). Specifically, the record is devoid of any information regarding what the various departments do, whether they can conduct internal investigations or reviews, or even the position descriptions for the identified points of contact. Moreover, it is unclear how and to what extent the appellant's communications with the ethics department were "shared" with the "Equal Opportunity/Resolution Mgmt" point of contact, or whether the appellant ever explicitly communicated with or provided information to that department. Accordingly, we remand this appeal so that the administrative judge may provide proper jurisdictional notice and further develop the record on the issue of whether the appellant nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C).

On remand, when determining whether the appellant's disclosures amount to "protected activity," the administrative judge should keep in mind that disclosures under 5 U.S.C. § 2302(b)(9)(C) are protected regardless of their content.[5] *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (finding that, under the post-NDAA language of 5 U.S.C. § 2302(b)(9)(C), disclosures to an agency's Inspector General or to the Special Counsel are protected regardless of their content). However, the nature and content of the disclosures may be relevant at the merits stage of an IRA appeal, when an appellant must prove the contributing factor element by preponderant evidence and the agency can defend itself by providing clear and convincing evidence that it would have taken the same personnel action absent the protected activity. *Fisher*, 2023 MSPB 11, ¶ 8 n.1.

If the administrative judge determines that the appellant nonfrivolously alleged that he engaged in protected activity, the administrative judge shall make

---

[5] That is, regardless of whether the communications amount to a protected disclosure under 5 U.S.C. § 2302(b)(8).

a finding on whether the appellant nonfrivolously alleged that the protected activity was a contributing factor in the agency's decision to take a personnel action against him. The administrative judge should provide the parties with the opportunity to supplement the record on the issue of contributing factor.

**ORDER**

For the reasons discussed above, we REMAND this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.